T.C. Summary Opinion 2007-130

UNITED STATES TAX COURT

CHUKS ANTHONY MBANU, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12132-02S.               Filed July 30, 2007.

Chuks Anthony Mbanu, pro se.

<u>Thomas Yang</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be

treated as precedent.

Respondent determined for taxable year 2000 a deficiency in petitioner's Federal income tax of $2,422.

Before trial, respondent conceded that petitioner is entitled to one dependency exemption in addition to one exemption for himself for taxable year 2000. The remaining issues are: (1) Whether petitioner is entitled to head of household filing status; and (2) whether petitioner is entitled to the earned income credit.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Chicago, Illinois.

Throughout taxable year 2000, petitioner was legally married to Charity Mbanu. They are the parents of two children. From January through mid-June of 2000, petitioner and his wife lived apart. From mid-June of 2000 through the end of the year, petitioner, his wife, and their children lived together.

Petitioner and his wife did not file a joint income tax return for 2000. Petitioner timely filed an individual income tax return for 2000 as a head of household.

Respondent issued a notice of deficiency determining that petitioner is not entitled to head of household filing status or

the earned income credit for 2000 because he failed to substantiate his claims.

## Discussion

Deductions are a matter of legislative grace, and taxpayers must maintain adequate records to substantiate the amounts of any deductions or credits claimed. Sec. 6001; INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs. Taxpayers generally bear the burden of proving that the Commissioner's determinations are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The Court decides this case without regard to the burden of proof. Accordingly, the Court need not decide whether section 7491(a)(1) is applicable in this case. See Higbee v. Commissioner, 116 T.C. 438 (2001).

## 1. Head of Household Filing Status

Section 1(b) imposes a special tax rate on an individual filing as a head of household. As relevant herein, section 2(b) defines a "head of household" as an unmarried individual who maintains as his home a household that for more than one-half of the taxable year constitutes the principal place of abode of an unmarried child of the individual. Sec. 2(b)(1)(A)(i).

Petitioner's eligibility for head of household filing status depends on whether he is treated as unmarried. Section 7703(a) provides that an individual's marital status shall be determined

at the end of the taxable year and "an individual legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married."  Sec. 7703(a)(2).  Petitioner does not meet this requirement.  Section 7703(b) provides, in pertinent part:

> SEC. 7703(b).  Certain Married Individuals Living Apart.--For purposes of those provisions of this title which refer to this subsection, if–
>
> > (1) an individual who is married * * * and who files a separate return maintains as his home a household which constitutes for more than one-half of the taxable year the principal place of abode of a child * * * with respect to whom such individual is entitled to a deduction for the taxable year under section 151 * * *,
> >
> > (2) such individual furnishes over one-half of the cost of maintaining such household during the taxable year, and
> >
> > (3) during the last 6 months of the taxable year, such individual's spouse is not a member of such household,
>
> such individual shall not be considered as married.

These requirements are stated in the conjunctive, and the requirements of each paragraph must be satisfied.

Petitioner concedes that he was married during 2000 and that his wife lived with him from mid-June through the end of the year.  The Court sustains respondent's determination that petitioner is not entitled to head of household filing status.

2.  Earned Income Credit

Section 32(a)(1) allows an eligible individual an earned income credit against the individual's income tax liability. Section 32(c)(1)(A)(i), in pertinent part, defines an "eligible individual" as "any individual who has a qualifying child for the taxable year".  A qualifying child includes a son or daughter of the taxpayer who has the "same principal place of abode as the taxpayer for more than one-half of such taxable year".  Sec. 32(c)(3)(A)(ii), (B)(i)(I).

Section 32(d) provides, however:  "In the case of an individual who is married (within the meaning of section 7703), this section shall apply only if a joint return is filed for the taxable year under section 6013."  As discussed supra, the Court finds that petitioner was married during 2000, and, since he and his wife did not file a joint return, concludes that he is not entitled to claim an earned income credit.

Decision will be entered

under Rule 155.